UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELANIE RASMUSSEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05007-RJB-KLS<br><br>REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION TO WITHDRAW<br><br>Noted for December 19, 2014 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of a motion to withdraw her complaint. After reviewing plaintiff's motion and the remaining record, the undersigned recommends the Court grant that motion.

FACTUAL AND PROCEDURAL HISTORY

On February 4, 2014, plaintiff filed her complaint with the Court. See ECF #3. On June 11, 2014, the Court directed plaintiff to effect service of her complaint (see ECF #6), which she did, and on September 16, 2014, defendant's answer was filed (see ECF #8). On September 17, 2014, the Court issued a briefing schedule, directing plaintiff to file her opening brief by October 15, 2014. See ECF #11. Because plaintiff did not timely do so, on October 22, 2014, the Court issued an order directing plaintiff to filed her opening brief by no later than November 19, 2014. See ECF #12. In that order, plaintiff also was informed that failure to file her opening brief by

REPORT AND RECOMMENDATION - 1

that date would result in a recommendation that this matter be dismissed for failure to prosecute. See id. On November 20, 2014, plaintiff filed her motion to withdraw. See ECF #13.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(1), a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As defendant has filed her answer and there is no stipulation of dismissal signed by all parties to this case, plaintiff may voluntarily dismiss this action only by order of this Court on terms the Court deems proper.

Plaintiff states she cannot proceed with the prosecution of her case without the assistance of legal counsel, but has exhausted all her attempts to find legal counsel. The undersigned notes that plaintiff has not requested appointment of legal counsel, and no showing been made – nor is there any indication – that such appointment would be appropriate in this case. As defendant has not objected to plaintiff's request to withdraw her complaint, which the undersigned takes as a motion for voluntary dismissal, and plaintiff states she is unable to continue prosecuting her case, such dismissal without prejudice is deemed appropriate.

CONCLUSION

For all of the foregoing reasons, the undersigned recommends that plaintiff's motion to withdraw her complaint (see ECF #13) be granted, and that her complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

REPORT AND RECOMMENDATION - 2

**fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **December 19, 2014**, as noted in the caption.

DATED this 1st day of December, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3