UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELANIE RASMUSSEN,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:14-cv-05007-RJB-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REQUEST APPOINTMENT OF LEGAL COUNSEL |

This matter comes before the Court on plaintiff's filing of a motion to request appointment of legal counsel. See ECF #15. That motion was filed in response to the undersigned's report and recommendation that the Court grant plaintiff's motion to withdraw her complaint in this case. See ECF #14. In her motion to withdraw, plaintiff stated she could not proceed with the prosecution of her case without the assistance of legal counsel, but had exhausted all her attempts to find such counsel. See ECF #13. In recommending that the motion to withdraw be granted, the undersigned noted that plaintiff had not requested appointment of counsel, and that there was no indication that appointment thereof would be appropriate in this case. See ECF #14.

"Generally, a plaintiff in a civil case has no right to appointed counsel. Johnson v. Commissioner of Social Sec., 2012 WL 124793, *2 (S.D.Cal. January 17, 2012) (citing Hernandez v. Whiting, 881 F.2d 768, 770–71 (9th Cir.1989); United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir.1986)). Before counsel may be appointed in a civil case, a finding of

ORDER - 1

"exceptional circumstances" must be made, which requires an evaluation of the plaintiff's "(1) likelihood of success on the merits, and (2) ability to articulate his [or her] claims *pro se*" in light of the complexity of legal issues involved. Johnson, 2012 WL 124793, at *2 (quoting Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (quoting Wilson v. Esalderon, 789 F.2d 1328, 1331 (9th Cir.1986))). "Neither of these issues is dispositive," however, "and both must be viewed [by the Court] before reaching a decision." Johnson, 2012 WL 124793 *2 (quoting Terrell, 935 F.2d at 1017 (quoting Wilson, 789 F.2d at 1331)).

Plaintiff asserts she cannot proceed in prosecuting her case without the appointment of legal counsel, because she is unable to write her own opening brief. See ECF #15. The Court finds, however, that the two motions she has filed in this case reveals an adequate ability to articulate her claims on her own behalf. Further, plaintiff has failed to demonstrate either a likelihood of success on the merits or shown that the issues this case presents are too complex, such that she will not be able to articulate her claims *pro se*.

Plaintiff also asserts that she would be able to proceed with this case if legal counsel were appointed, because then counsel would not have to "win to get paid, a problem that arose when trying to obtain an attorney" herself. ECF #15. But, while perhaps an important factor in a claimant's ability to obtain private legal representation, that is not the standard for determining the propriety of appointing counsel at the government's expense.

Accordingly, plaintiff's motion to request appointment of legal counsel (See ECF #15), hereby is DENIED. The Court notes that plaintiff states in that motion that she would like to withdraw her motion to withdraw her complaint if she is appointed legal counsel. Given that her request for appointment of legal counsel has been denied, plaintiff shall inform the Court by **no later than February 13, 2015**, whether she again wants to withdraw her complaint – by filing a

ORDER - 2

new motion making that request – or whether she wishes to continue to prosecute her case, in which case the Court shall set a new briefing schedule.

DATED this 16th day of January, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3