UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELANIE RASMUSSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | CASE NO. 3:14-cv-05007-RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 1, 2015 |

This matter is before the Court on failure to file an opening brief pursuant to the Court's order that she do so. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the record, the undersigned submits the following Report and Recommendation for the Court's review.

On October 22, 2014, noting that plaintiff had missed her deadline for filing her opening brief in this case, the undersigned issued an order to show cause directing her to do so by no later than November 19, 2014. *See* Dkt. 12. On November 20, 2014, plaintiff filed a motion to withdraw her complaint, asserting she could not proceed with the case without legal counsel, but

REPORT AND RECOMMENDATION- 1

had exhausted all efforts to find such counsel. *See* Dkt. 13. On December 1, 2014, the undersigned recommended granting plaintiff's motion, noting she had not requested appointment of counsel in this case or made any showing she was entitled thereto. *See* Dkt. 14. The Court declined to adopt the undersigned's recommendation, however, finding that plaintiff should be given an opportunity to request appointment of counsel. *See* Dkt. 15.

On January 16, 2015, the undersigned denied plaintiff's motion for appointment of counsel, because she failed to demonstrate either a likelihood of success on the merits or show that the issues this case presents are too complex, such that she would be unable to articulate her claims p*ro se*. *See* Dkt. 18. Plaintiff was directed to inform the Court as to whether she wanted to withdraw her complaint by filing a new motion to that effect given that her request for appointment of counsel had been denied, or whether she instead wished to continue prosecuting her case, in which event the Court would set a new briefing schedule.

Rather than choosing one of these courses of action, however, plaintiff responded to the Court's order by stating that she both wanted to proceed with this case and file a new request for appointment of legal counsel, essentially arguing she met all of the requirements for being appointed counsel at government expense. *See* Dkt. 19. Treating plaintiff's response as a motion for reconsideration, on March 5, 2015, the undersigned denied plaintiff's request, because she had failed to show manifest error in the prior order or new facts or legal authority that could not have been brought to the Court's attention earlier. *See* Dkt. 20.

Because plaintiff did indicate a desire to proceed with her case, though, she was given until no later than April 2, 2015, to file her opening brief. Plaintiff also was informed that failure to do so by that date would result in a recommendation that this matter be dismissed for failure to prosecute. To date, plaintiff has not filed an opening brief. Instead, on April 1, 2015, she filed a response to the undersigned's directive to file her opening brief, in which she once more asserted

REPORT AND RECOMMENDATION- 2

1  an inability to proceed in this matter without legal counsel, thereby causing her to withdraw her
2  complaint. *See* Dkt. 21. Seeing as plaintiff has both had sufficient opportunity to request legal
3  counsel – but failed to show entitlement thereto at government expense – and that plaintiff has
4  had ample opportunity to file an opening brief, but has chosen not to proceed with this matter
5  without legal counsel, the undersigned once again shall treat plaintiff's response as a motion for
6  voluntary dismissal. Also seeing as there has been no objection by defendant to this request, the
7  undersigned recommends the Court grant it.

8      Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")
9  72(b), the parties shall have **fourteen (14) days** from service of this Report and
10 Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6.  Failure to file
11 objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474
12 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is
13 directed set this matter for consideration on **May 1, 2015**, as noted in the caption.

14     Dated this 9th day of April, 2015

Karen L. Strombom
United States Magistrate Judge